

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY McKNIGHT,

    Defendant.

_____/

NO. 12-20101

HON. MARK A. GOLDSMITH
United States District Judge

FILED
FEB 14 2012
U.S. DISTRICT COURT
FLINT, MICH.

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

Relevant Persons and Entities

1. At all relevant times to this Information, GREGORY McKNIGHT resided at 5360 Winshall Drive, Swartz Creek, Eastern District of Michigan. McKNIGHT was the founder, owner, and president of Legisi Holdings, LLC. In that capacity, McKNIGHT controlled the day to day business activities of Legisi Holdings, LLC.

2. At all relevant times to this Information, Legisi Holdings, LLC, had its principal place of business at 5360 Winshall Drive, Swartz Creek, Eastern District of Michigan. Legisi Holdings, LLC, also conducted business from an office located at 5154 Miller Road, Flint, Eastern District of Michigan.

3. At all relevant times to this Information, Legisi Holdings, LLC, was a company incorporated in Nevis, West Indies.

4. Legisi.com ("Legisi") was purported by McKNIGHT to be a wholly owned subsidiary of Legisi Holdings, LLC. Legisi was an investment program offered by McKNIGHT, through Legisi Holdings, LLC, whereby members of the public would invest money in Legisi in exchange for a promised rate of return. Legisi was an acronym for Lucrative Electronic Gold Income Services International.

5. E-bullion, Inc. ("e-bullion") was an online service that offered, among other things, to transfer money for a fee. It operated from a website called www.e-bullion.com, as well as from offices at 1330 Flynn Road, Camarillo, California. The website represented that "The e-Bullion Company is a Panama Corporation wholly owned by Goldfinger Bullion Reserve Corporation." The Goldfinger Bullion Reserve Corporation is a Delaware Corporation which was incorporated on February 23, 2001.

6. McKNIGHT controlled multiple e-bullion accounts held in the name of various entities, such as Greg McKNIGHT (account B75831), Legisi Holdings (account B96566), Healthy Body Nutraceuticals (account B50965), and Lido Consulting (account B57108).

7. McKNIGHT also controlled a Fifth Third Bank Account (number 7911431463) held in the name Legisi Marketing Inc., located at the Flint branch of Fifth Third Bank, Eastern District of Michigan.

The Scheme to Defraud

8. From at least December 2005 through November 2007, McKNIGHT perpetrated a scheme to defraud the investors of Legisi by soliciting and obtaining millions of dollars of funds under false and fraudulent pretenses.

9. To execute the scheme, in December of 2005, McKNIGHT began offering and selling interests in a pooled investment program called Legisi. McKNIGHT promoted the offering around the world through a publicly available internet website at www.legisi.com. McKNIGHT raised money based on promises that he would invest the offering proceeds and then pay the investors each month, which payments would be funded with profits from his investments. McKNIGHT further represented that his investing activities consistently generated a monthly profit ranging from 15% to 18%. McKNIGHT also claimed that he set aside 10% of all his investing profits each month to create a reserve account for the benefit of investors in the event that his investments failed to earn the expected return.

10. In truth and in fact, McKNIGHT knew that these representations were false and fraudulent. Indeed, McKNIGHT operated a classic Ponzi scheme where the source of the money paid out to investors was not derived from the profits of McKNIGHT'S investments, but from new investor funds. Contrary to his representations, McKNIGHT used investors' funds to meet the periodic redemption requests of other investors. Moreover, contrary to what McKNIGHT portrayed to Legisi investors, his investments in fact generated significant losses. Further, McKNIGHT did not establish a reserve account for the benefit of Legisi members in the event that his investments failed to earn the expected return.

11. Through this Ponzi scheme, McKNIGHT accepted millions of dollars of investor money. From December 2005 through November 2007, McKNIGHT raised approximately $72 million dollars from over 3,000 members of the public. From the outset of the scheme, and continuing through its operation, McKNIGHT obtained investor funds through interstate wire transfers from financial entities located outside the Eastern District of Michigan. The principle

mechanism by which McKNIGHT would obtain investor funds was through the utilization of e-bullion. McKNIGHT directed investors to create an e-bullion account, fund that account, create and activate a Legisi account, and then fund the Legisi account. An investor's Legisi account was funded by transferring funds from the investor's e-bullion account into a McKNIGHT controlled e-bullion account.

12. Over 97% of funds, approximately $62 million, deposited into e-bullion accounts controlled by McKNIGHT were funded with investor funds.

13. In furtherance of his scheme to defraud, McKNIGHT, from within the Eastern District of Michigan, transferred, or caused to be transferred, over $11 million from e-bullion accounts that received investor funds into his Fifth Third Bank Account Number 7911431463, located in Flint, Michigan. McKNIGHT used these funds to further the scheme to defraud and for his own personal gain.

## COUNT ONE
### (Wire Fraud)

14. The allegations contained in paragraphs 1 through 13 above, are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

15. From at least December 2005 through November 2007, in the Eastern District of Michigan, GREGORY McKNIGHT unlawfully, willfully, and knowingly, devised and intended to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, and sounds, for the purpose of executing such scheme and artifice, to wit: on or about

March 28, 2007, McKNIGHT wired, or caused to be wired, $334,000.00 of investor funds from E-bullion account number B75831 to his bank account at the Flint branch of Fifth Third Bank in the Eastern District of Michigan.

(Title 18, United States Code, Section 1343.)

BARBARA L. McQUADE
United States Attorney

Dated: February 14, 2012

s/ CRAIG F. WININGER
Assistant United States Attorney
Chief, Branch Offices

Dated: February 14, 2012

s/ A. TARE WIGOD
Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone number: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P58479

12 - 20101

Companion Case information MUST be completed by AUSA and initialed

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes      ☐ No | AUSA's Initials: atw |

FILED
FEB 14 2012
U.S. DISTRICT COURT
FLINT, MICHIGAN

Case Title: USA v. Gregory McKnight

County where offense occurred : Genesee

Check One:      ☒ Felony      ☐ Misdemeanor      ☐ Petty

____Indictment/ ✓ Information --- **no prior complaint.**
____Indictment/____Information --- **based upon prior complaint** [Case number: _____]
____Indictment/____Information --- **based upon LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

Superseding to Case No: _____      Judge: _____

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

February 14, 2012
Date

s/ A. TARE WIGOD

Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P 58479

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09