UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

GREGORY N. McKNIGHT, and     CIVIL ACTION No. 08-cv-11887
LEGISI HOLDINGS, LLC,

                                  HON. GEORGE CARAM STEEH

    Defendants,

and

LEGISI MARKETING, INC., LIDO
CONSULTING, LLC
HEALTHY BODY NEUTRACEUTICALS,
LINDENWOOD ENTERPRISES, LLC,
DANIELLE BURTON, THERESA
BURTON, and JENNIFER MCKNIGHT,

    Relief Defendants.
_____/

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF BY DEFAULT AGAINST DEFENDANT GREGORY N. MCKNIGHT

This matter having come before the Court on the Plaintiff Securities and Exchange Commission's Motion for Entry of a Final Judgment of Permanent Injunction and Other Relief by Default Against Defendant Gregory N. McKnight (the "Motion"), and the Court having considered the Motion, the brief filed in support of said motion, the Securities and Exchange Commission's Complaint, and the evidence, papers and arguments presented therein:

EXHIBIT 3

I.

**IT IS HEREBY ORDERED** that the Motion by Plaintiff Securities and Exchange Commission is GRANTED against Defendant Gregory N. McKnight.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gregory N. McKnight ("Defendant McKnight"), and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) employing any device, scheme, or artifice to defraud;

    (b) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Case 4:12-cr-20101-MAG-MJH ECF No. 10-4, PageID.75 Filed 09/05/12 Page 3 of 7
2:08-cv-11887-GCS-MAR Doc # 414 Filed 07/06/11 Pg 3 of 7 Pg ID 5970

III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant McKnight, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant McKnight, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant McKnight shall pay disgorgement of $2,263,886.97, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $120,671.38, for a total of $2,384,558.35.

VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in addition, Defendant McKnight shall pay disgorgement of $3,613,259.21, representing investor funds Defendant McKnight diverted in furtherance of the fraud alleged in the Complaint, together with prejudgment interest thereon in the amount of $192,596.62, for a total of $3,805,855.83. Defendant McKnight shall be liable for payment of this $3,805,855.83, jointly and severally, with Matthew J. Gagnon and others to whom Defendant McKnight paid these sums, should any of them also be held liable for disgorgement of said sums.

VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and through other collection procedures authorized by law) at any time after ten (10) business days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the Defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Defendant Gregory N. McKnight as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest

bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant McKnight shall pay a civil penalty in the amount of $350,000 to the United States Treasury. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Accounts Receivable, 100 F Street NE, Mail Stop 6042, Washington D.C. 20549, and shall be accompanied by a letter identifying Defendant Gregory N. McKnight as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to Final Judgment.

IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Final Judgment; and all other orders and decrees which may have been or may be entered in this case, and to grant such relief as this Court may deem necessary and just.

X.

There being no reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Final Judgment forthwith and without further notice.

Dated: July 6, 2011

<u>S/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 6, 2011, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk