UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                          Case No:  12-cr-20101
                                                                            Hon:  Mark Goldsmith

GREGORY McKNIGHT,

     Defendant.

_____/

**SENTENCING MEMORANDUM ON
BEHALF OF DEFENDANT GREGORY McKNIGHT**

Defendant, Gregory McKnight, (hereinafter "McKnight") by his attorney, Edward C. Wishnow, files this Sentencing Memorandum setting forth the factors that this Court should consider in determining the type and length of sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 USC 3553(a).

It is now well accepted that the federal sentencing guidelines are merely advisory and not mandatory, *United States v. Booker*, 125 S Ct 738, 756 (2005); *Rita v. United States,* 127 S Ct 2456 (2007)*; United States v. Gall*, 128 S Ct 586 (2007) and *United States v. Kimbrough;* 128 S Ct 558 (2007).

The court in *Booker* severed and excised provisions of the Federal Sentencing Statute that made the guideline mandatory.

> "So modified, the Federal Sentencing Act…makes the Guidelines effectively advisory.  It requires a sentencing court to consider guideline ranges, *See 18 USC 3553(a)(4),* but it permits the court to

1

tailor the sentence in light of other statutory concerns as well, *See 3553(a)." Id at 757.*

Thus, under *Booker*, the sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in *18 USC 3553(a).*

The primary directive in §3553(a) is for the sentencing courts to:   "Impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."  Section 3553(a)(2), states that such purposes are:

> "(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)  To afford adequate deterrence to criminal conduct;
>
> (C)  To protect the public from other crimes of the defendant;  and
>
> (D)  to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in a most effective manner."

In determining whether a sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing, the courts are to consider, pursuant to *3553(a)* the following factors:

> (1)     The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)     The need for the sentence imposed;
>
> (3)     The kinds of sentences available;
>
> (4)     The kinds of sentences and the sentencing range established (by the guidelines, now advisory);
>
> (5)     Any pertinent policy statement issued by the Sentencing Commission;

(6)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     The need to provide restitution to any victims of the offense.

In *Rita, supra,* the court held that "a sentencing court does not enjoy the benefit of a legal presumption that the Guideline sentence should apply."  *At 2465.*

In *Gall, supra* the court reiterated *Booker* in stating that:

> The guidelines are not mandatory, and thus, "the range of choice dictated by the facts of the case" is significantly broadened. Moreover, the Guidelines  are only one of the factors to consider when imposing sentence, and 3553(a)(3) directs the judge to consider sentences other than imprisonment.

Subsequent to *Booker*, the Sixth Circuit Court of Appeals has held that "[o]nce the appropriate advisory Guideline range is calculated, the district court throws this ingredient into the Section 3553(a) mix."  *United States v. McBride,* 434 F3d 470, 476 (6th Cir. 2006).

Furthermore, the Sixth Circuit held that "[p]rior to *Booker*, sentences outside of the Guideline range were severely limited; now, 'with greater latitude' a 'district court need only consider [the guideline range] along with its analysis of the 3553(a) factors.'" *United States v. Martin,* 438 F3d 621, 641 (6th Cir. 2006) (Martin, J., concurring).

The "sufficient, but not greater than necessary" provision serves as "the guidepost for sentencing decisions post *Booker."  United States v. Ferguson*, 456 F3d 660, 667 (6th Cir. 2006).

Other statutory sections also give sentencing courts directions in imposing a sentence. *18 USC 3582(a)* provides:

3

The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

## SENTENCING GUIDELINE POSITION

McKnight pled guilty pursuant to a Rule 11 Plea Agreement to a one count information that charged him with wire fraud, a violation of 18 USC 1343.

The parties agreed to the following base offense and specific offense characteristics as part of the Rule 11 Plea Agreement:

| | | |
|---|---|---|
| 2B1.1(a)(1) | Base offense level for wire fraud | 7 |
| 2B1.1(b)(1)(L) | Loss 20 to less than 50 million | 22 |
| 2B1.1(b)(2)(C) | More than 250 victims | 6 |
| 2B1.1(b)(9) | Relocation of scheme to another jurisdiction /sophisticated means | 2 |
| | Total | 37 |
| 3E1.1 | Adjustment for acceptance of responsibility | -3 |
| | Total offense level | 34 |

As McKnight had no criminal history, his criminal history category is I. For a total offense level of 34 and criminal history category of I, the guideline range from the sentencing table is 151 to 188.  The probation department in their Presentence Investigation Report  computed the sentencing guidelines in the exact same manner.

**18 USC 3553(a) FACTORS**

As stated earlier, the primary directive in 3553(a) is for the sentencing court to "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph two."

McKnight is 52 years old and has been married two months short of 26 years to his wife, Linda, who is 53 years old.  They have two children, Jennifer McKnight, who is 23 and recently graduated from college, living at home and working at a local elementary school.  Their son, Christopher McKnight, age 20 and recently married, attends Freed-Hardeman University in Henderson, Tennessee, the same university that Jennifer graduated from one year ago.

McKnight is a high school graduate having graduated from Southwestern High School in Flint in 1978 and has attended community colleges both in Flint and in Florida. From 1981 to 1985, he served his country when he enlisted in the Navy until he was honorably discharged, having achieved the rank of E-5.

McKnight has a good work history having worked as an insurance broker for 6 years and then as a journeyman electrician for General Motors for 12 years before starting his involvement with the activities that brings him before the Court.

McKnight's life centered, and still does, around his family, church and work.

Attached hereto as exhibits are character letters from fellow church members, neighbors and colleagues from work.  They attest to a person quite different from the individual who pled guilty and admitted responsibility for defrauding many people.

These letters depict McKnight as a devout Christian and active member of his

church congregation, the Swartz Creek Church of Christ, where he has been a Deacon and a choir leader.

These letters also speak to the remorse he has expressed to individuals and apparently publicly before the congregation of his church.

### HEALTH ISSUES

The Presentence Investigation Report  reveals correctly that McKnight is 5'9" tall and weighs 300 pounds, most of which is in his mid-section.  He is morbidly obese.  To compound this significant health issue, McKnight is a chain-smoker.  This combination does not portend for a healthy and long life.  No one knows what pathological health issues he may have as he admits to not having seen a doctor in over five years.

### SUBSTANTIAL ASSISTANCE

Although McKnight has not provided substantial assistance towards the prosecution of others that would warrant a motion by the government for a departure pursuant to 18 USC 3553(e) and USSG 5K1.1, he has provided substantial assistance in another context and manner.

McKnight was arrested on a complaint on May 19, 2008, over four years ago. During the ensuing years, McKnight, with the undersigned, has met on numerous occasions with government counsel, attorneys for the Securities and Exchange Commission, Secret Service agents and the receiver and the attorneys for the receiver totaling almost 30 hours.

During these interviews and debriefings, he answered their questions and attempted to assist in the recovery of assets from which payments could be made to the victims.

Indeed, McKnight provided the receiver with the location of the servers and the password that was needed to log onto the servers and, thus, opened the door to financial records which assisted the receiver significantly in locating and marshalling assets, which is still an ongoing process.

In addition, McKnight is willing to be deposed as a witness in an arbitration case pending against securities brokers in Florida who mismanaged significant investments made by McKnight through entities under their control.

In *United States v. Blue*, 557 F3d 682 (Sixth Cir. 2009), the court held that a sentencing court could consider a substantial assistance argument as a sentence variance through application of the 18 USC 3553(a) factors even in the absence of a 5K1.1 motion by the government for a sentence departure.

This is what McKnight requests the Court do in light of his substantial assistance to the government and the receiver in locating and marshalling assets for distribution to victims of his fraud.

## CONCLUSION

It is respectfully requested that the Court sentence McKnight at a minimum, to the very bottom of his applicable guideline range of 151 to 188 months and seriously consider a sentence below that which would still be a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 USC 3553(a).

7

Respectfully submitted,

/s/ Edward C. Wishnow
Edward C. Wishnow  (P22472)
Attorney for Defendant
240 Daines
Birmingham, MI  48009
(248) 258-1991
edwishnow@aol.com

Dated:  September 5, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:  A. Tare Wigod, Assistant United States Attorney.

/s/ Edward C. Wishnow
Edward C. Wishnow
240 Daines
Birmingham, MI  48009
(248) 258-1991
edwishnow@aol.com

8