# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: June 18, 2014

Mr. Gary W. Lanker
Law Office
3220 Whispering Place
Suite 197
Memphis, TN 38115

Mr. Gregory McKnight
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

Mr. A. Tare Wigod
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Re: Case No. 13-2075, *USA v. Gregory McKnight*
Originating Case No. : 4:12-cr-20101-1

Dear Counsel and Mr. McKnight:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Manager
Direct Dial No. 513-564-7012

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 13-2075

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jun 18, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| GREGORY MCKNIGHT, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before:  KEITH, SILER, and ROGERS, Circuit Judges.

Gregory McKnight, a federal prisoner proceeding through counsel, appeals a district court judgment against him in a criminal case.  We unanimously agree that oral argument is not needed.  Fed. R. App. P. 34(a).

The government charged McKnight by information with one count of wire fraud, which he committed while operating a Ponzi scheme.  *See* 18 U.S.C. § 1343.  Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, McKnight pleaded guilty as charged and waived his right to appeal his conviction and sentence in exchange for a sentencing range of 151 to 188 months in prison.  The parties further stipulated that the full amount of restitution was $48,969,560, to be offset by any recovery of assets.

The presentence report calculated McKnight's total offense level as 34 and his criminal history category as I, which yielded the promised Sentencing Guidelines range of 151 to 188 months in prison.  Upon McKnight's objection at sentencing, the district court amended the presentence report to indicate that the restitution amount would be reduced by any recoveries.

Case 4:12-cr-20101-MAG-MJH  ECF No. 25-2, PageID.230  Filed 06/18/14  Page 3 of 5   (3 of 5)
Case: 13-2075  Document: 30-2  Filed: 06/18/2014  Page: 2

No. 13-2075
- 2 -

The court then sentenced McKnight to 188 months in prison, three years of supervised release, and $48,969,560 in restitution. Judgment was entered on August 7, 2013.

McKnight's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Sixth Circuit Rule 12(c)(4)(C). After a review of the record, counsel expressed the opinion that there were no meritorious grounds for appeal. Counsel reasoned that McKnight's appellate waiver was valid and that his sentence was reasonable. McKnight has filed a response, arguing that: 1) the district court erred by adopting the plea agreement because it had expired; 2) the district court failed to lower his sentence as promised by an Assistant United States Attorney at a proffer meeting; 3) the government violated the terms of an agreement pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972), by using evidence he provided to charge him with wire fraud; 4) the government violated the *Kastigar* agreement by using evidence he provided to draft the plea agreement; 5) the government violated the *Kastigar* agreement by using evidence he provided to draft its sentencing memorandum; 6) the district court erred by adopting the plea agreement which contained a restitution amount known to be false; and 7) "the district court erred in adopting a Rule 11 plea agreement not in compliance with Rule 11."

Counsel's motion to withdraw is well-taken. Our full examination of all of the proceedings leads us to conclude that an appeal would be wholly without merit. *See Anders*, 386 U.S. at 744.

An appellate waiver does not bar a challenge to whether a defendant's plea was knowing, voluntary, and intelligent. *See United States v. Webb*, 403 F.3d 373, 378 n.1 (6th Cir. 2005). For the reasons that follow, no viable challenge to McKnight's plea or to the appellate waiver exists.

Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his or her applicable constitutional rights, that the guilty plea is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988). Where a defendant does not object to a

Rule 11 violation at the plea hearing, this court reviews the plea for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). "[A] reviewing court may consult the whole record when considering the effect of any error on substantial rights." *Id.* To prevail, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006). A valid waiver precludes a defendant from bringing any type of claim not permitted by the agreement. *United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006).

A review of the guilty plea transcript reveals that the district court substantially complied with the requirements of Rule 11. The district court began by having McKnight confirm that he had waived his right to an indictment and had fully consulted with counsel. McKnight acknowledged that he had signed the plea agreement voluntarily and not as result of force, threat, or any promises other than those within the agreement. The district court then informed McKnight of the statutory maximum penalties, the possibility of returning to prison for violating supervised release, and the elements of the offense. McKnight repeatedly stated that he understood and repeatedly confirmed the truth of the factual basis as the district court reviewed it in detail. The district court next discussed the provisions of the plea agreement concerning imprisonment, restitution, and the appellate waiver. The waiver provided in part: "If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his conviction or sentence on any grounds." McKnight again acknowledged that he understood and denied having any questions about the plea agreement. Finally, the district court concluded by discussing McKnight's waiver of his constitutional trial rights and loss of civil rights.

McKnight's plea and appellate waiver of his sentence were valid because he knowingly and voluntarily entered into them. A defendant such as McKnight "who expressly represents in open court that his guilty plea is voluntary 'may not ordinarily' repudiate his statements" thereafter. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (quoting *Fontaine v.*

*United States*, 411 U.S. 213, 215 (1973)).  The validity of the guilty plea means that McKnight has waived any antecedent non-jurisdictional defects in his conviction, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973), and the validity of the appellate waiver means that McKnight has waived any right to challenge his conviction and sentence.

Because McKnight's appellate waiver is valid, we will not consider counsel's argument regarding the reasonableness of the sentence and McKnight's pro se arguments, with one exception.  McKnight's seventh argument in part asserts that his plea was not voluntary because he does not know whether the charge was based on evidence obtained in violation of the *Kastigar* agreement.  This argument fails because McKnight does not cite any legal authority indicating that a plea is unknowing and involuntary if a defendant does not know the source of the evidence for the charge.  As previously noted, Rule 11 requires that a defendant be informed at the plea hearing of the factual basis for the charge, and McKnight was so informed.  *See Goldberg*, 862 F.2d at 106.

Finally, our independent review of the record reveals no colorable issues for appeal.

Accordingly, we grant counsel's motion to withdraw and we affirm the district court's judgment.  Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk