```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION


UNITED STATES OF AMERICA


                  Government.

      v.                                Case No. 12-CR-20101


GREGORY MCKNIGHT,


                  Defendant.
_____/

              INITIAL APPEARANCE/ARRAIGNMENT

        BEFORE MAGISTRATE-JUDGE MICHAEL HLUCHANIUK
               United States District Judge
           112 US Courthouse & Federal Building
                    600 Church Street
                  Detroit, Michigan 48226
                Thursday, February 16, 2012

APPEARANCES:

         A. TARE WIGOD
         Assistant United States Attorney
         210 Federal Building
         Flint, MI 48502
         On behalf of the Government.

         EDWARD WISHNOW
         615 Daines Street
         Birmingham, MI 48226
         On behalf of the Defendant.

ALSO APPEARING TIMOTHY ROONEY,
              Pretrial Services Officer.


Transcriber:
Carol S. Sapala, RMR, FCRR
313.961.7552
www.transcriptorders.com

              Usa v McKnight 12-20101
```

Initial Appearing/Arraignment Hearing   2-16-2012

C O N T E N T S

_____

| IDENTIFICATION | PAGE |
|---|---|

WITNESSES

Initial Appearance Hearing                4

Arraignment Hearing                      12

Certificate of Transcriber               17

E X H I B I T S

_____

| IDENTIFICATION | MARKED | RECEIVED |
|---|---|---|

None Marked, Offered or Received

Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing    2-16-2012

```
 1                Flint, Michigan
 2                February 16, 2012
 3                9:24 a.m.
 4           THE CLERK:  The Court will now hear criminal
 5  case number 12-CR-20101, United States versus Gregory
 6  McKnight.
 7           THE COURT:  Appearances of counsel, please.
 8           MR. WIGOD:  Good morning, Your Honor.  Tare
 9  Wigod on behalf of the government.
10           MR. WISHNOW:  Good morning.  Edward Wishnow,
11  on behalf of the defendant.
12           THE COURT:  Mr. Wishnow, would you and your
13  client step to the lectern, please?
14           MR. WISHNOW:  Yes.
15           THE COURT:  Sir, are you Gregory McKnight?
16           THE DEFENDANT:  Yes, I am.
17           THE COURT:  You're here today because you've
18  been charged with violation of federal criminal laws
19  with a document called an Information.
20      Have you seen that?
21           THE DEFENDANT:  Yes, I have.
22           THE COURT:  Have you had a chance to talk to
23  your lawyer about it?
24           THE DEFENDANT:  Yes, I have.
25
```

                    Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing    2-16-2012

```
 1              THE COURT:  Do you think you understand the
 2   nature of the charge that is indicated in that document?
 3              THE DEFENDANT:  Yes, I do.
 4              THE COURT:  This document is an Information.
 5   It charges a felony offense and under normal
 6   circumstances an individual who is facing felony charges
 7   is entitled to have the circumstances surrounding their
 8   case presented to a grand jury in order for the grand
 9   jury to determine if probable cause exists that the
10   individual charged in the document committed the
11   offense.
12       Do you understand that you have such a right?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Is that something you discussed
15   with your lawyer?
16              THE DEFENDANT:  Yes, I have.
17              THE COURT:  And do you think you fully
18   understand what your rights are with respect to having
19   these circumstances presented to a grand jury before a
20   charging document is filed?
21              THE DEFENDANT:  Can you --
22              THE COURT:  Sure.  I'll try to rephrase it.
23       Do you think you fully understand what your rights
24   are in the context of having the matter, the
25   circumstances surrounding this matter, presented to a
```

Initial Appearing/Arraignment Hearing   2-16-2012

1  grand jury in order for them to consider the case before
2  a charging document, something like this Information
3  would be filed?
4        THE DEFENDANT:  Yes.
5        THE COURT:  Okay.  And has anybody attempted
6  to force you or improperly influence you to get you to
7  give up your rights to have this matter submitted to a
8  grand jury?
9        THE DEFENDANT:  No, they haven't.
10       THE COURT:  Knowing what your rights are and
11 based on the advice of your attorney, you're willing to
12 give up the right to have this matter submitted to a
13 grand jury and to allow the case to proceed on the basis
14 of this Information?
15       THE DEFENDANT:  Yes, sir.
16       THE COURT:  All right.
17    I find that the defendant has knowingly and
18 voluntarily waived his right to have this matter
19 submitted to a grand jury for purposes of obtaining an
20 indictment and will consent to have the matter proceed
21 on the basis of this Information.
22    Mr. McKnight, I want to just outline what these
23 charges are on today's record so that it's clear that
24 you do understand the nature of the charges and then we
25 will discuss potential penalties associated with this.

Initial Appearing/Arraignment Hearing   2-16-2012

1    I'm not going to read it verbatim, but the
2 Information generally alleges that between December 2005
3 and November of 2007, you created a scheme to defraud
4 other individuals through what is alleged to be a Ponzi
5 scheme in which investors were sought and funds obtained
6 from those investors on the premise of profits being
7 made from the investment of their funds.
8    But, in fact, there were no real profits from this
9 scheme and some investors were allowed to subsequently
10 redeem their initial investment through not real profits
11 from those investments but from subsequent investments
12 made by other people who were similarly defrauded.
13    And as part of that scheme, that you on
14 February 28th of 2007, wired or caused someone to wire
15 to wire, excuse me, $334,000 from these investments from
16 one account to another bank account that you had
17 personal control over in violation of United States Code
18 Section 1343 commonly called wire fraud.
19    Do you understand that's what you're charged with?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Okay.
22         MR. WIGOD:  Your Honor, I apologize.  I just
23 wanted to clarify it was actually March 20 not February.
24
25         THE COURT:  I'm sorry.

Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing    2-16-2012

```
 1              MR. WIGOD:  It's a minor detail.
 2              THE COURT:  I stand corrected.  It is
 3   March 28th.
 4              MR. WISHNOW:  Let me point out I've gone over
 5   the Information with the defendant.
 6        He understands the Information and he waives the
 7   formal reading of the whole information and the court
 8   has fairly summarized the contents of that charge.
 9              THE COURT:  I appreciate that Mr. Wishnow.
10        If convicted of this offense, you would face a
11   maximum term of imprisonment of 20 years, a maximum fine
12   of up to $250,000, and up to three years of supervised
13   release following any period of incarceration you would
14   receive.
15        Do you understand that?
16              THE DEFENDANT:  Yes.
17              THE COURT:  The Court, although not reflected
18   in this acknowledgment, but a sentencing Court could
19   also order restitution be paid for crimes of this
20   nature.
21        Do you understand that?
22              THE DEFENDANT:  Yes.
23              THE COURT:  All right.
24        You have the right to remain silent with respect to
25   this charge.  You don't have to make a statement to
```

Initial Appearing/Arraignment Hearing   2-16-2012

1  anyone except your lawyer.
2       If you were to make a statement to someone else,
3  that statement could be used against you.
4       Do you understand that?
5            THE DEFENDANT:  Yes.
6            THE COURT:  You also have a right to be
7  represented by an attorney throughout these proceedings.
8       You could represent yourself, which is a right that
9  you have, but not a very good idea.
10      You could hire a lawyer or you could ask the Court
11 to appoint an attorney for you if you were financially
12 eligible for that.
13      Do you understand those are your options?
14           THE DEFENDANT:  Yes.
15           THE COURT:  You have retained Mr. Wishnow to
16 represent you in this case; is that correct?
17           THE DEFENDANT:  No.  I'm appointed, Your
18 Honor, pursuant to CJA.
19           THE COURT:  I'm sorry.  And that was done
20 earlier?
21           MR. WISHNOW:  Years ago.
22           THE COURT:  Years ago.  Okay.  All right.
23      Mr. Wishnow will be your lawyer throughout these
24 proceedings until he's relieved of that responsibility
25 of the Court.  He's an experienced lawyer.  It's

                    Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing    2-16-2012

 1  important you cooperate with him so he can properly
 2  represent you in this case.
 3      Do you understand that?
 4          THE DEFENDANT:  Yes, sir.
 5          THE COURT:  Mr. Wishnow, you have a plea to
 6  tender on behalf of Mr. McKnight with respect to the
 7  charge in the Information?
 8          MR. WISHNOW:  Yes.  The defendant stands mute.
 9          THE COURT:  The defendant standing mute, a not
10  guilty plea will be entered on the record of the court
11  with respect to this matter.
12      Mr. Wigod, what's the government's position on
13  bond?
14          MR. WIGOD:  Your Honor, the government is not
15  seeking detention.
16          THE COURT:  All right.
17      Mr. Wishnow, what's your position on bond?
18          MR. WISHNOW:  I believe a personal
19  recognizance bond would be appropriate.
20          THE COURT:  Have you seen -- may not be a
21  recent Pretrial Services Report, but there was a
22  Pretrial Services Report prepared in 2008 that I've been
23  provided with.
24      Have you seen that?
25          MR. WISHNOW:  I'm sure I did at the time.  I

Initial Appearing/Arraignment Hearing    2-16-2012

1  don't have really a recollection of that today.
2              THE COURT:  All right.
3              MR. WISHNOW:  I've just been handed a copy.
4              THE COURT:  Oh, okay.  Do you want to take a
5  moment to look at it?
6              MR. WISHNOW:  I do.
7                       (After a short delay, the
8                        proceedings continued)
9              THE COURT:  Thank you.
10                      (After a short delay, the
11                       proceedings continued)
12             MR. WISHNOW:  By way of explanation, if I
13 could?
14             THE COURT:  Certainly.
15             MR. WISHNOW:  We have him at 3200, then he
16 tells me last month I didn't work.  So it's off and on.
17 So he figures on average it's about 1600 net per month
18 for him not originally 32.  He's an electrician by trade
19 works for a, a contract electrician.
20             THE DEFENDANT:  Contract --
21             MR. WISHNOW:  Electrician.
22             THE COURT:  So not including charitable
23 contributions, your monthly expenses are a mortgage at a
24 thousand fifty-three, utilities of $600, food of $600,
25 auto insurance $200?

Initial Appearing/Arraignment Hearing    2-16-2012

```
 1              THE DEFENDANT:  There's things that are left
 2  out.
 3              THE COURT:  Health insurance is $200?
 4              THE DEFENDANT:  Gasoline would bring us back
 5  up to $100 or so a month.  I just remembered.
 6              MR. WISHNOW:  Yeah.  We could add something if
 7  it's significant.
 8              THE COURT:  Okay.  Let me first clarify that
 9  you've seen the Pretrial Services Report?
10              MR. WISHNOW:  I have as has the defendant.  I
11  don't think there's any additions, corrections or
12  deletions other than his employment is different as
13  indicated on the financial affidavit.
14              THE COURT:  Okay.  Okay.  Mr. McKnight, would
15  you please raise your right hand.
16          You solemnly swear that the information in
17          this financial affidavit is true to the best
18          of your knowledge; and do you recognize that
19          if you were to intentionally include false
20          information in this form it would be a crime
21          and you could be prosecuted for it?
22              THE DEFENDANT:  Yes.
23              THE COURT:  Thank you.  So revisiting the
24  issue about court-appointed counsel, which I did not
25  fully anticipate when we began the process, I'll
```

Initial Appearing/Arraignment Hearing    2-16-2012

 1  determine that you are eligible for court-appointed
 2  counsel, but I'll determine that you are able to make
 3  some payments towards the cost of court-appointed
 4  counsel.
 5      And I'll determine that you are capable of paying
 6  $50 a month toward the cost of appointed counsel
 7  starting 30 days from today.
 8      Do you understand that?
 9          THE DEFENDANT:  Yes.
10          THE COURT:  All right.  This is the occasion
11  in this proceeding in which I have to decide whether to
12  release you on bond or to detained you.
13      Government has certainly not objected to a release
14  on bond and you seem like an appropriate candidate for
15  release on bond.
16      I am going to release you on bond subject to
17  certain conditions and but they're consequences for
18  violating those conditions of bond and I'll get to those
19  when I identify what the conditions of your bond will
20  be.
21      You will be released on an unsecured bond in the
22  amount of one $100,000.  Unsecured bond means you don't
23  have to post any money at the moment.
24      You are to report to Pretrial Services as they
25  direct you to report.

Initial Appearing/Arraignment Hearing   2-16-2012

1    You are -- your travel will be restricted to the
2  Eastern District of Michigan unless, Mr. Wishnow, that
3  presents a problem?
4          MR. WISHNOW:  I'm in Birmingham, that would
5  cover that.
6          THE COURT:  And for your client, he doesn't
7  have work that would take him outside the Eastern
8  District of Michigan?
9          THE DEFENDANT:  Lansing.
10         THE COURT:  Lansing is the other side of the
11 state, the Western District.
12         THE DEFENDANT:  I have accepted contract work
13 in Lansing.
14         THE COURT:  Do you expect to do so in the
15 future?
16         THE DEFENDANT:  It all depends.
17         THE COURT:  So if it happened, it would be
18 relatively rare?
19         THE DEFENDANT:  No.  There's work available
20 over there.  I'm sure I could maybe apply for a waiver
21 in that instance.
22         THE COURT:  Well, let me put it this way.
23 Your travel will be at least superficially restricted to
24 the Eastern District of Michigan.
25    If you need to go to Lansing for work or have some

Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing   2-16-2012

 1  other legitimate purpose going outside the Eastern

 2  District of Michigan, you can get approval from Pretrial

 3  Services.

 4      You need to let them know when and why you're going

 5  in advance of going there.  All right?

 6          THE DEFENDANT:  Yes.

 7          THE COURT:  You shall surrender any passport

 8  that you have and not obtain any new passport while you

 9  are on supervision.

10      You are to maintain your employment and continue to

11  seek employment as it becomes available along the lines

12  that you've indicated.  I have a sense that it's some

13  what sporadic but it's fairly regular?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And you are to continue to

16  maintain whatever level of employment that you're

17  eligible for.

18      You shall not possess any firearms or dangerous

19  weapons.

20      You shall not use alcohol to excess.

21      You shall not open any new lines of credit without

22  the approval of Pretrial Services.  That means that you

23  can borrow money if you want, but you simply have to

24  have the approval of Pretrial Services before do you

25  that.

              Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing   2-16-2012

1       Do you understand all those conditions of bond?
2            THE DEFENDANT:  Yes, I do, sir.
3            THE COURT:  Mr. Rooney, are there any other
4    conditions of bond you would recommend?
5            PROBATION OFFICER:  No.
6            THE COURT:  Mr. Wigod, any other conditions of
7    bond you would recommend?
8            MR. WIGOD:  No, Your Honor.
9            THE COURT:  Mr. Wishnow, do you have any
10   questions about the conditions of bond I have set?
11           MR. WISHNOW:  I do not.
12           THE COURT:  Mr. McKnight, do you have any
13   questions about these bond conditions?
14           THE DEFENDANT:  No, I don't.
15           THE COURT:  The consequences that I referred
16   to for violating the terms of this bond are these:
17      First of all, you could have your bond revoked and
18   spend the rest of the time this matter is pending in
19   custody.
20      You could have the amount of the unsecured bond
21   ordered payable to the government as an additional
22   penalty of violating your bond.
23      If you committed a new criminal offense while
24   you're on bond, the -- any sentence, if convicted for
25   the new offense, and the offense in this Information in

Initial Appearing/Arraignment Hearing    2-16-2012

1  all likelihood would be consecutive; that is, one would
2  be served after the other.
3      And if you failed to appear at a future court
4  proceeding, it would be a separate crime and one that
5  you could be prosecuted for and sent to prison for even
6  if you were acquitted somehow on the charges that are in
7  this Information.
8      Do you understand that?
9          THE DEFENDANT:  Yes, sir.
10         THE COURT:  Okay?  Any questions about those
11 consequences?
12         THE DEFENDANT:  No questions.
13         THE COURT:  All right.  They'll be some
14 documents that you'll have to sign before you leave
15 today.
16     And you'll meet with Mr. Rooney and he will go over
17 the reporting requirements that he will establish for
18 you.  All right?
19         THE DEFENDANT:   Yes, sir.
20         THE COURT:  Okay.  Anything further,
21 Mr. Wigod?
22         MR. WIGOD:  No, Your Honor.
23
24         THE COURT:  Any further, Mr. Wishnow?
25         MR. WISHNOW:  No, thank you.

                Usa v McKnight 12-20101

Initial Appearing/Arraignment Hearing    2-16-2012

```
 1                THE COURT:  Thank you counsel.
 2           Thank you, Mr. McKnight.
 3                THE CLERK:  Court is in recess.
 4
 5
 6        (Whereupon court was in recess at 9:50 a.m.)
 7
 8
 9
10
11           CERTIFICATE OF COURT TRANSCRIBER
12
13
14  I hereby certify that I have transcribed
15  these proceedings to the best of my ability,
16  training, and knowledge.
17
18
19  CAROL S. SAPALA, RMR-FCRR           October 10, 2012
20
21
22
23
24
25
```

Usa v McKnight 12-20101