UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                          Criminal case no. 12-cr-20101

        Plaintiff,

v.

                                          HON. MARK A. GOLDSMITH

GREGORY N. McKNIGHT,               United States District Judge

        Defendant.

---

## GOVERNMENT'S SUR-REPLY TO DEFENDANT'S REPLY REGARDING MOTION FOR A SENTENCE REDUCTION UNDER AMENDMENT 821

---

Greg McKnight accuses the government of impermissibly trying to re-litigate the scoring of his sentencing guidelines. He should be more careful with his accusations. While McKnight correctly states that "the Court *did not* apply an enhancement at McKnight's original sentencing for the offense having 'resulted in substantial financial hardship to one or more victims'" ECF No. 60, PageID.560 (emphasis in original), he leaves out the fact that the substantial financial hardship enhancement did not exist at the time of his sentencing. McKnight was sentenced on August 3, 2013, and the Court utilized the 2012 Guideline Manual. PSR ¶ 17. At that time, § 2B1.1 *did not* contain an enhancement for victims suffering substantial financial hardship. See

https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2012/manual-

pdf/2012_Guidelines_Manual_Full.pdf. Rather, § 2B1.1(b)(2) simply created an enhancement based on the number of victims of the offense. *Id*. Indeed, the phrase "substantial financial hardship" does not appear in the 2012 Guideline Manual at all. It was not until November 1, 2015, two years *after* McKnight's sentencing, that Amendment 792 altered § 2B1.1(b)(2) to create the substantial financial hardship enhancement. See https://www.ussc.gov/guidelines/amendment/792. Faulting the government for not scoring an enhancement for substantial financial hardship is akin to faulting McKnight for not seeking application of § 4C1.1 at the time of his sentencing. Contrary to McKnight's proclamation, there is no "problem with the government's argument" and, as it turns out, McKnight still has not established that he is eligible for a sentence reduction.

Even though McKnight's reply argument completely misses the mark, the Court is still left with the determination of whether McKnight is eligible for a reduction. As the government explained in its response, McKnight is ineligible for a two-point reduction under § 4C1.1 because he has not established that he "did not personally cause substantial financial hardship." See § 4C1.1(a)(6).

Since the Court did not address (because it did not have a reason to address) whether the victims suffered "substantial financial hardship" at the original sentencing, it must do so now. Such supplemental findings are completely appropriate, and, as in this case, necessary to determine eligibility for a sentence

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 2

reduction. See *United States v. Valentine*, 694 F.3d 665, 672 (6th Cir. 2012)

("further fact-finding was not only permitted but required in order to resolve

Defendants' [3582(c)(2)] motions"). Supplemental findings are not uncommon in

the § 3582 context. They arose frequently during litigation around the retroactive

crack cocaine amendments when courts had to determine drug quantities to

evaluate whether someone was eligible for a reduction. This was because the court,

at the original sentencing, simply determined that the drug quantity fell within the

range of then-applicable drug quantity table (e.g. more than 1.5 kilograms or more

of crack). See *United States v. Rios*, 765 F.3d 133, 138 (2d Cir. 2014), quoting

*United States v. Davis*, 682 F.3d 596, 612 (7th Cir.2012). ("Indeed, new findings

are often necessary where, as here, retroactive amendments have altered the

relevant drug-quantity thresholds for determining a defendant's base offense

level."); *United States v. Wyche*, 741 F.3d 1284, 1293 (D.C. Cir. 2014) ("In order

to determine the defendant's amended guideline range for a drug-related offense,

the resentencing court must determine the drug quantity attributable to the

defendant. If the original sentencing court failed to make a specific drug-quantity

calculation, the resentencing court may have to make its own quantity finding in

order to determine the defendant's guideline range.").

McKnight's situation is analogous. Because there was no guideline

provision involving "substantial financial hardship" at the time of his original

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 3

sentencing, the Court now, as part of evaluating whether McKnight satisfies the requirements of § 4C1.1(a)(6), must make that determination. As the court in *Rios* explained, "it would not have been possible to apply the amended Guidelines without making such a [drug] quantity finding." *Rios* at 139. Likewise, having not made any such finding previously, the Court must now determine whether McKnight "personally cause[d] substantial financial hardship."

Further, given that the phrase "substantial financial hardship" did not even appear in the Guideline Manual until two years after McKnight's sentencing, the government had no incentive to establish any of the factors outlined in Application Note 4(F) of the Commentary to § 2B1.1. As the court in *Valentine* explained,

> Preliminarily, we must also reject Defendants' contention that the government cannot argue, and the district court cannot find, an amount higher than 1.5 kilograms because the government waived a higher finding by not presenting evidence of the higher amount when it had the opportunity to do so at the original sentencings. "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks and citation omitted). This certainly does not apply here where the government did not have an incentive to prove anything more than 1.5 kilograms at the original sentencing and could not have knowingly relinquished the unforeseeable necessity to subsequently argue a higher amount.

*Valentine*, 694 F.3d at 673. Thus, the fact that the Court did not make a specific finding of "substantial financial hardship" at McKnight's sentencing does not prevent it from doing so now.

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 4

The government is not attempting to re-litigate McKnight's guidelines; rather it is simply attempting to determine, based on the plain language and instructions of § 4C1.1, McKnight's eligibility for a reduction. For the reasons stated in the government's response, that he personally caused substantial financial hardship, McKnight is ineligible for a reduction.

McKnight also claims that the government improperly relies on the Victim Impact Statements to determine whether he personally caused substantial financial hardship. He asserts that the statements "should have been submitted to the presentence report writer during the initial sentencing so that McKnight could properly object to the Court's reliance on the information."[1] ECF No. 60, PageID.561. Again, McKnight is incorrect.

The Victim Impact Statements relied on by the government were submitted to both the Court and defense counsel prior to McKnight's sentencing. Indeed, all the parties referenced the statements at sentencing.

- From the government: "I could stand here and go over the devastation that Mr. McKnight's actions has caused the victims, but any statement I make would frankly pale in comparison to the victim impact statements that the Court has read and that the victims have submitted so I'll leave those to

---

[1] For obvious reasons McKnight has not argued that the victims did not sustain substantial financial hardship, and instead attempts to rely on procedural technicalities.

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 5

speak for the affect that Mr. McKnight's actions has had on the victims and it's a range from very little impact to extremely serious impact, changes several thousands or several hundred people's lives." ECF No. 17, PageID.133-134.

- <u>From defense counsel</u>: "I acknowledge that the investors have suffered greatly. I've read the victims' letters as the Court has. There's some sad stories there, it's unfortunate." ECF No. 17, PageID.130-131.

- And finally, <u>from the Court</u>: "The Court has also reviewed all of the submissions by victims of this crime as well as by those who know the defendant and wanted to share their impressions of him with the Court…It's a monetary matter, but as the letters from the victims indicate, the devastation that this defendant inflicted was very often catastrophic. The letters demonstrate how this defendant's actions ended up destroying an entire lifetime of savings for a number of people and that meant that not only was their money effectively stolen by this defendant, but their dreams as well. That is a very serious matter indeed." ECF No. 17, PageID.140.

McKnight's claim that it would be improper for the Court to rely on the Victim Impact Statements because they were not submitted as part of the presentence report process is also wrong. While a § 3582(c)(2) motion does not result in a plenary re-sentencing, the Court is certainly not limited to information

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 6

contained only in the Presentence Investigative Report. Rather, at most, the Court

is limited to *the record*. See *Valentine*, 694 F.3d at 670 ("To determine whether a

retroactive amendment would lower a defendant's sentence, the district court

considering the modification motion—the modification court—must examine the

record that was available to the original sentencing court."). Here, the Victim

Impact Statements were part of the record in this case as the Court reviewed and

relied on them in determining McKnight's the sentence. Accordingly, the Court

can again consider the statements, this time to evaluate whether McKnight

qualifies for a two-point reduction under § 4C1.1(a)(6).

      Finally, it would not be unreasonable to conclude that it is McKnight who is

attempting to re-litigate findings by the Court and should be precluded from

seeking a sentence reduction on that basis. In the colloquy outlined above, the

Court stated "*the devastation that this defendant inflicted was very often*

*catastrophic. The letters demonstrate how this defendant's actions ended up*

*destroying an entire lifetime of savings for a number of people.*" ECF No. 17,

PageID.140 (emphasis added). It is hard to see how this conclusion by the Court

does not qualify as the defendant having "personally cause[d] substantial financial

hardship," particularly in light of Application Note 4(F) of the Commentary to §

2B1.1, which lists "suffering substantial loss of a retirement, education, or other

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 7

savings or investment fund" as a factor in determining substantial financial hardship.

All told, McKnight is not eligible for a sentence reduction because he does not meet the criteria set forth in U.S.S.G. § 4C1.1. Specifically, McKnight is ineligible for a two-point reduction because he personally caused "substantial financial hardship." See U.S.S.G. § 4C1.1(a)(6). Since "substantial financial hardship" was not part of the Guidelines at the time of McKnight's sentencing, the Court is free to consider the record to make that evaluation. Based on the record before it, McKnight does not qualify for a reduction.

But even if McKnight was eligible for a reduction, a lower sentence would be inappropriate. According to § 3582(c)(2), if a defendant's sentencing range has been lowered by an amendment to the Guidelines, the court "may" reduce the term of imprisonment. McKnight defends his request for a sentence reduction on the notion that his sentence of 188 months would represent an upward variance from the amended guidelines (if he were eligible). While numerically accurate, the argument mischaracterizes the analysis. In denying a motion for a sentence reduction the Court does not have to justify reasons for what would now be an upward variance. See *United States v. Carter*, 541 F. App'x 957, 960 (11th Cir. 2013) ("A district court's refusal to exercise its discretion to grant a sentence reduction, however, is not equivalent to the imposition of an upward variance at an

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 8

original sentencing proceeding, even if the overall effect is the same."); *United States v. Jimenez*, 670 F. App'x 2, (Mem)–4 (2d Cir. 2016) ("Jimenez argues that the district court's decision effectively subjected him to an unexplained upward enhancement to his amended 120–month Guidelines range. The argument has no merit. A district court's decision <u>not</u> to reduce a sentence under § 3582(c)(2) is entirely discretionary and does not constitute an upward departure or variance from the amended sentence."). Every defendant who meets the eligibility requirements for a sentence reduction under 3582(c)(2) necessarily has a lower guideline range than he did at the time of his original sentencing. This fact does not warrant a sentence reduction; otherwise, there would be no point in the Court reviewing the 3553(a) factors. In the end, McKnight must demonstrate that a sentence reduction is warranted. Considering the 3553(a) factors, he has not done so.

In sum, McKnight is not eligible for a reduction because he personally caused substantial financial hardship. See § 4C1.1(a)(6). McKnight's lack of eligibility ends the inquiry. But even if he were eligible, *Dillon* provides that the court consider whether the authorized reduction is warranted according to the factors set forth in 18 U.S.C. § 3553(a). Under the circumstances of this case, the §

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 9

3553(a) factors do not warrant a reduction of McKnight's sentence.

Respectfully submitted,

DAWN N. ISON
United States Attorney

Dated: <u>February 21, 2024</u>          <u>s/ A. TARE WIGOD</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone:  (313) 226-9191
tare.wigod@usdoj.gov
P58479

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 10

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on February 21, 2024, the foregoing document was electronically filed, by an employee of the United States Attorney's Office, with the Clerk of the Court using the ECF system.

<u>s/ A. TARE WIGOD</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone:  (313) 226-9191
tare.wigod@usdoj.gov
P58479

*United States v. Gregory McKnight*, 12-cr-20656
United States' Response to Defendant's
Motion for a Sentence Reduction
Pg. 11