

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

**v.**

**GREGORY N. McKNIGHT,**
    **Defendant.**

**Case No. 12-cr-20101**
**Hon. Mark A. Goldsmith**

F I L E D
APR 3 0 2026
CLERK'S OFFICE
DETROIT

# MOTION FOR RELIEF FROM VOID JUDGMENT

## I. STATEMENT OF ISSUES PRESENTED

1.  **Whether a criminal judgment is void when the plea agreement was expired before signature and therefore legally nonexistent.**
2.  **Whether a plea is invalid, and the resulting judgment void, when the factual basis is disputed and never resolved.**
3.  **Whether restitution imposed without evidence, findings, or adversarial testing is void under federal criminal law and *Ellingburg v. United States*.**
4.  **Whether structural error and constitutional violations render the judgment void.**
5.  **Whether the term of supervised release must be vacated as part of a void judgment.**

## II. PRELIMINARY STATEMENT

This case presents a straightforward jurisdictional defect: the plea agreement was expired before signature, rendering the plea legally nonexistent. The district court accepted a plea it had no authority to accept, imposed restitution without evidence, and entered judgment without resolving disputed facts. Under controlling criminal-law authority, including *Hyde*, *Baucum*, *Cotton*, *McCarthy*, *Houston*, *Sawyer*, *Greatwalker*, *Cronic*, *Zerbst*, *Boykin*, and *Ellingburg*, the judgment is void. A void judgment cannot stand.

### III. INTRODUCTION

This Motion addresses whether the plea, conviction, and restitution order entered in *United States v. McKnight* are void under controlling federal criminal law. A criminal judgment is void when the court lacks jurisdiction to accept the plea or impose sentence, acts without statutory authority, accepts a plea that is invalid or legally nonexistent, imposes punishment without evidentiary support, fails to resolve disputed facts, or violates constitutional requirements. Each of these defects is present here.

The Supreme Court's decision in **Ellingburg v. United States, 607 U.S. ___ (2026)** confirms that restitution constitutes **criminal punishment**, not civil compensation, and that a court **lacks authority** to impose it unless constitutional and procedural safeguards are satisfied. Because the plea agreement in this case was expired before signature, the factual basis for the plea was disputed and never resolved, restitution was imposed without evidence, and structural and constitutional violations occurred, the resulting judgment is void under established criminal-law voidness doctrine.

### IV. SUMMARY OF ARGUMENT

The judgment in this case is void under controlling federal criminal-law authority. The plea agreement was **expired before signature**, rendering the plea legally nonexistent under **Hyde** and **Baucum**. Without a valid plea, the district court lacked jurisdiction to enter judgment under **Cotton**.

Even if the plea agreement had been valid, the plea itself was **invalid** because the factual basis was disputed and never resolved, in violation of **McCarthy** and **Houston**. The court imposed restitution based on civil receivership spreadsheets rather than evidence, contrary to **Sawyer** and **Greatwalker**, and without the constitutional protections required for criminal punishment under **Ellingburg**.

Structural error occurred when defense counsel failed to defend the objection or demand an evidentiary hearing, triggering the presumption of unreliability recognized in **Cronic**. The plea was not knowing, voluntary, or intelligent under **Boykin** and **Zerbst**, because the defendant could not have understood the consequences of a plea based on an expired agreement, a disputed factual basis, and a restitution amount unsupported by evidence.

Under these authorities, the plea, conviction, restitution order, and supervised release term are **void**, not merely erroneous. The district court acted without jurisdiction and without authority, and the judgment cannot stand.

## V. STATEMENT OF FACTS

The government extended a written Rule 11 plea offer to the defendant with an explicit expiration date and time of **5:00 p.m. on February 15, 2012**. The defendant did not sign the agreement until **February 16, 2012**, after the offer had expired by its own terms. *The plea offer expressly expired at 5:00 P.M. on February 15, 2012, yet the signature block shows the defendant signed on February 16, 2012.* (Ex. A, Rule 11 Plea Agreement; Ex. A, Signature page). No new offer was issued, and no extension was documented on the record.

At sentencing, the Presentence Investigation Report included a restitution figure derived from **civil receivership spreadsheets** and administrative accounting prepared in a separate civil proceeding. *At sentencing the Court asked whether the restitution figure was accurate "as of this date," and the defendant responded, "I don't believe so. I don't know how he came up with the figures."* (Ex. B, Aug. 6, 2013 Tr. at 5). *The Court nevertheless set restitution at $48,969,560 less recoveries.* (Ex. B, Aug. 6, 2013 Tr. at 12). The defendant expressly disputed the accuracy of the restitution amount, stating that he did not believe the figure was correct and did not know how it had been calculated. The district court did not take testimony, admit exhibits, or conduct an evidentiary hearing to establish the amount of loss.

Despite the defendant's objection, the court adopted the civil receiver's numbers without making factual findings or resolving the dispute. Defense counsel did not defend the objection, did not request a hearing, and did not challenge the civil figures. The court imposed restitution based solely on the civil spreadsheets and entered judgment accordingly.

No part of the record reflects that the defendant was informed of, or understood, the consequences of a plea based on an expired agreement, a disputed factual basis, or a restitution amount unsupported by evidence. The plea colloquy did not address the factual dispute, and the sentencing proceedings did not cure the defect.

The resulting judgment included a term of imprisonment, a restitution order, and a term of supervised release — all imposed without resolution of the factual dispute and without evidentiary support for the restitution amount.

## VI. JURISDICTION

A federal court has inherent authority to declare its own judgment void when jurisdiction was lacking at the time of conviction or sentencing. *United States v. Cotton*, 535 U.S. 625 (2002). A void judgment may be challenged at any time because jurisdictional defects are never waived. When a plea agreement is invalid, a plea lacks a factual basis, or a sentence is imposed without statutory authority, the resulting judgment is void and subject to vacatur.

## VII. STANDARD OF REVIEW

Whether a judgment is void is a question of law reviewed de novo. A judgment is void if the court lacked jurisdiction, acted without statutory authority, or entered a conviction or sentence in violation of constitutional requirements. Jurisdictional defects are never waived and may be raised at any time.

## VIII. GOVERNING LAW - LEGAL STANDARD

### A. A criminal judgment entered without jurisdiction is void

**United States v. Cotton, 535 U.S. 625 (2002).** A court without jurisdiction cannot enter a valid judgment.

### B. A plea based on an invalid or nonexistent agreement is void

**United States v. Hyde, 520 U.S. 670 (1997).** A plea agreement is a contract; if invalid, the plea cannot stand.

**United States v. Baucum, 80 F.3d 539 (D.C. Cir. 1996).** A conviction based on an invalid or nonexistent offense is void for lack of jurisdiction.

### C. A plea without a factual basis is void

**McCarthy v. United States, 394 U.S. 459 (1969).** A plea taken without a factual basis is invalid.

### D. A criminal judgment is void when the court fails to resolve disputed facts

**United States v. Houston, 529 F.3d 743 (6th Cir. 2008).** Failure to resolve disputed facts requires vacatur.

### E. A sentence imposed without statutory authority is void

**United States v. Greatwalker, 285 F.3d 727 (8th Cir. 2002).** An illegal sentence must be vacated.

### F. Restitution imposed without evidentiary support is void

**United States v. Sawyer, 825 F.3d 287 (6th Cir. 2016).** Restitution must be based on actual loss proven by evidence.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**           **Case No. 12-cr-20101**

**v.**               **Hon. Mark A. Goldsmith**

**GREGORY N. McKNIGHT,**

    **Defendant.**


**[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM VOID JUDGMENT**

This matter having come before the Court on the Motion for Relief from Void Judgment filed by Pro Se Defendant Gregory N. McKnight, and the Court having reviewed the motion, the record, and any response filed by the United States,

**IT IS HEREBY ORDERED** that the Motion for Relief from Void Judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that the plea, conviction, judgment, and all components thereof, including the sentence, restitution order, and term of supervised release, are **VACATED** as void.

**IT IS FURTHER ORDERED** that this case is returned to the posture existing prior to the entry of the void judgment, for such further proceedings as may be consistent with this Order and applicable law.

**IT IS SO ORDERED.**


**Dated: _____**


**_____**
**Hon. Mark A. Goldsmith**
**United States District Judge**

**G. Structural error voids a criminal judgment**

**United States v. Cronic, 466 U.S. 648 (1984).** Failure of counsel to subject the prosecution's case to adversarial testing renders the process presumptively unreliable.

**H. Constitutional violations render a criminal judgment void**

**Johnson v. Zerbst, 304 U.S. 458 (1938).** A conviction obtained in violation of constitutional rights is void.

**Boykin v. Alabama, 395 U.S. 238 (1969).** A plea is invalid unless the record shows a knowing and voluntary waiver.

## IX. THE ELLINGBURG DOCTRINE

### A. Restitution is criminal punishment

***Ellingburg v. United States, 607 U.S. ___ (2026).***

The Supreme Court held:

1. Restitution is **criminal punishment**, not civil compensation.
2. Criminal punishment requires **constitutional protections**.
3. Courts must:

   - resolve factual disputes,
   - make findings,
   - rely on criminal evidence,
   - ensure adversarial testing,
   - comply with due process.

4. A court that imposes restitution without these steps acts **without authority**.
5. A judgment entered without authority is **void**.

## X. ARGUMENT

### A. The plea agreement was expired before signature

- The agreement expired at 5:00 PM on February 15, 2012.
- It was signed on February 16, 2012.
- Under *Hyde*, an expired offer cannot be accepted.
- Under *Baucum*, a conviction based on an invalid agreement is void.
- Under *Cotton*, the court lacked jurisdiction to accept the plea.

### B. The plea lacked a factual basis

- The defendant disputed the restitution figure.
- The court made no findings.
- Under *McCarthy*, the plea is invalid.

### C. The court failed to resolve disputed facts

- The defendant said: "I don't believe so. I don't know how he came up with the figures."
- The court ignored the dispute.
- Under *Houston*, the sentence must be vacated.

### D. Restitution was imposed without evidence

- The court relied on civil receiver spreadsheets.
- No testimony, no evidence, no findings.
- Under *Sawyer*, restitution must be based on actual loss proven by evidence.
- Under *Greatwalker*, a sentence imposed without statutory authority is illegal → void.

### E. Structural error occurred

- Counsel contradicted the defendant's objection.
- Counsel failed to demand a hearing.
- Counsel failed to challenge civil numbers.
- Under *Cronic*, this is structural error → void judgment.

### F. Constitutional violations occurred

- Due process was violated.
- The plea was not knowing or voluntary.
- Under *Zerbst* and *Boykin*, the judgment is void.

### G. Ellingburg confirms the court lacked authority

- Restitution is criminal punishment.
- The court imposed it without evidence, findings, or due process.
- Under *Ellingburg*, the court acted **without authority**.
- A judgment entered without authority is **void**.

# Conclusion and Prayer for Relief

## XI. CONCLUSION

Under controlling criminal-law authority, a judgment entered without jurisdiction, without a valid plea, without a factual basis, without resolution of disputed facts, without evidentiary support for restitution, or in violation of constitutional protections is **void**, not merely erroneous. The record demonstrates that the plea agreement was expired before signature, the factual basis for the plea was disputed and unresolved, restitution was imposed without evidence or findings, structural error occurred, and constitutional requirements were not satisfied. Under **Hyde**, **Baucum**, **Cotton**, **McCarthy**, **Houston**, **Sawyer**, **Greatwalker**, **Cronic**, **Zerbst**, **Boykin**, and **Ellingburg**, the plea, conviction, and restitution order cannot stand.

**Because the court acted without jurisdiction and without authority, the judgment is void under criminal-law voidness doctrine.**

## XII. RELIEF REQUESTED

For the reasons set forth above, the defendant respectfully requests that the Court:

1. **Declare the plea, conviction, and judgment void** under controlling criminal-law authority;
2. **Vacate the judgment in its entirety**, including the sentence and all components thereof;
3. **Vacate the restitution order** imposed without evidentiary support or statutory authority;
4. **Vacate the term of supervised release**, as it is part of the void judgment and cannot stand independently; and
5. Grant any **further relief** the Court deems just and appropriate.

Respectfully submitted,

**Gregory N. McKnight**
Defendant, Pro Se
405 Harshman St.
Rawlins, Wyoming 82301
Date: 4/25/2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

    Plaintiff,              Case No. 12-cr-20101

v.                    Hon. Mark A. Goldsmith

GREGORY N. McKNIGHT,

    Defendant.

**[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM VOID JUDGMENT**

This matter having come before the Court on the Motion for Relief from Void Judgment filed by Pro Se Defendant Gregory N. McKnight, and the Court having reviewed the motion, the record, and any response filed by the United States,

IT IS HEREBY ORDERED that the Motion for Relief from Void Judgment is GRANTED.

IT IS FURTHER ORDERED that the plea, conviction, judgment, and all components thereof, including the sentence, restitution order, and term of supervised release, are VACATED as void.

IT IS FURTHER ORDERED that this case is returned to the posture existing prior to the entry of the void judgment, for such further proceedings as may be consistent with this Order
and applicable law.

IT IS SO ORDERED.

Dated: _____

_____
**Hon. Mark A. Goldsmith**
**United States District Judge**

# EXHIBIT A

**Plea Agreement (Expiration Clause) and Signature Page (February 16, 2012 Signature Date)**

**Description:** This exhibit contains the complete Rule 11 Plea Agreement signature pages demonstrating:

- **The explicit expiration clause contained in the written plea agreement, stating that the government's offer expired at 5:00 p.m. on February 15, 2012 (pg. 13 of PA).**

- **The defendant's signature page, showing that the agreement was signed on February 16, 2012, one day after the offer had expired.**

- **No extension, renewal, modification, or re-issuance of the plea offer appears anywhere in the agreement or in the record.**

- **The government did not issue a new offer, and the district court did not inquire into or acknowledge the expiration.**

**Purpose:** To establish that the plea agreement had expired before signature, rendering it legally nonexistent under *United States v. Hyde* and *United States v. Baucum*, and depriving the district court of jurisdiction to accept the plea under *United States v. Cotton.*

**Contents:**

- **Rule 11 Plea Agreement (Excerpts), i.e. page containing the expiration clause (pg. 13 of PA).**
- **Signature page showing February 16, 2012 signature date (pg. 14 of PA)**

21

**FILED**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FEB 1 6 2012

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY McKNIGHT,

Defendant.

_____/

Criminal No. 4:12-cr-20101

Hon. Mark A. Goldsmith
United States District Judge

<u>Offense:</u>
Count One: 18 U.S.C. §1343
Wire Fraud

<u>Statutory Penalties:</u>
Imprisonment - Not more than 20 years
Supervised Release - Not more than 3 years
Fine - Not to exceed $250,000.00

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   Defendant waives his right to be charged on an indictment by a grand jury and will enter a plea of guilty to count one (1) of the information, which charges defendant with wire fraud, in violation of 18 U.S.C. §1343.

11. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on February 15, 2012. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. McQUADE
United States Attorney


CRAIG WININGER
Assistant United States Attorney
Chief, Branch Offices

A. TARE WIGOD
Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone number: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P58479

Date: _2/15_____, 2012

Date: _8/15_____, 2012

By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

EDWARD C. WISHNOW
Attorney for Defendant
240 Daines
Birmingham, Michigan 48009
Telephone number: (248) 258-1991
Email: edwishnow@aol.com
P22472

Date: 2-16-12, 2012

GREGORY McKNIGHT
Defendant

Date: 2-16-12, 2012

# EXHIBIT B
## Sentencing Transcript Excerpts (Restitution Dispute and Court Ruling)

**Description:** This exhibit contains the sentencing transcript passages that preserve (1) the Court's question about the restitution figure, (2) the defendant's on-the-record objection, and (3) the court's restitution recital. These excerpts are the record evidence relied on in the Motion for Relief from Void Judgment.

**Quoted excerpt (Court's question and defendant's objection)**
**THE COURT:** *"Well, is it accurate as of this date?"*
**THE DEFENDANT:** *"I don't believe so. I don't know how he came up with the figures."* (Aug. 6, 2013 Sentencing Tr., Vol. 2, p. 5, lines 13–15).

**Quoted excerpt (Court's restitution recital / order)**
**THE COURT:** *"Restitution is required under the statute and it will be set at 48,969,560 dollars less recoveries."* (Aug. 6, 2013 Sentencing Tr., Vol. 2, p. 28, lines 16–24).

**Locator and reporter information:**
**Key pages: Vol. 2, p. 5** (Court question; defendant's objection); **Vol. 2, p. 28** (court's restitution recital).
**Reporter:** David B. Yarbrough, CSR, FCRR (see transcript header).

**Purpose:** To show (a) the restitution amount was disputed on the record by the defendant in response to the Court's direct question, (b) defense counsel acknowledged the dispute on the record, and (c) the Court nevertheless adopted the Rule 11 restitution figure (less recoveries) without resolving the factual dispute through testimony, exhibits, or an evidentiary hearing.

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

-v-                                 Case No. 12-cr-20101


GREGORY McKNIGHT,

      Defendant.

_____/


SENTENCING, VOLUME 2

BEFORE THE HONORABLE MARK A. GOLDSMITH

Flint, Michigan, Tuesday, August 6th, 2013.



APPEARANCES:

FOR THE PLAINTIFF:      A. TARE WIGOD
                            U.S. DEPARTMENT OF JUSTICE
                            600 Church Street, Room 210
                            Flint, MI 48502


FOR THE DEFENDANT:     EDWARD C. WISHNOW
                            240 Daines
                            Birmingham, MI   48009-6241

4

Flint, Michigan

Tuesday, August 6th, 2013.

At or about 3:00 p.m.

--      ---      --

THE CLERK OF THE COURT:  The Court calls case number 12-20101, United States of America versus Gregory McKnight.  Counsel, please state your appearances for the record.

MR. WIGOD:  Tare Wigod on behalf of the government.

MR. WISHNOW: Good afternoon, your Honor.  Edward Wishnow on behalf of the defendant who's seated to my left.

THE COURT:  All right.  Good afternoon.  This is the date and time set for sentencing.  Are we ready to proceed?

MR. WIGOD:  The government is ready, yes, your Honor.

MR. WISHNOW:  Defense is ready.

THE COURT:  Now this sentencing has been adjourned a number of times and the latest report I believe we have, presentence report is one that was revised May 7 of 2012.  Is that right?

MR. WIGOD:  That's the latest report that the government has.

MR. WISHNOW:  I believe so, yes.

THE COURT:  Are there any corrections or additions for the report?

MR. WIGOD:  **Your Honor, the government has one correction and that's simply an updated restitution figure for**

Case 4:12-cr-20101-MAG-MJH ECF No. 66, PageID.629 Filed 04/30/26 Page 18 of 22
Case 4:12-cr-20101-MAG-MJH ECF No. 17, PageID.119 Filed 08/12/13 Page 5 of 33

5

the Court.  **At this point in time, I believe the proper restitution amount is $42,551,823.94.**

THE COURT:  What paragraph is that again?

MR. WIGOD:  I'm sorry, your Honor.  It's paragraph 59 on page 13.

THE COURT:  All right and the defendant agrees with that figure?

MR. WISHNOW:  Well, if I could address that for a moment, that's a figure that I think will be continuously changing as the receiver collects monies that can be offset against that amount so at this point I believe that it's fairly accurate.

THE COURT:  **Well, is it accurate as of this date?**

THE DEFENDANT:  **I don't believe so.  I don't know how he came up with the figures.**

MR. WISHNOW:  Well, the defendant isn't quite sure how they came up with that figure.  New numbers were given to the prosecution and myself by Charles Murphy, an attorney with Clark Hill who's in court today based I imagine in part on monies received by the receiver, but the defendant, Mr. McKnight, believes that figure may not be totally accurate. **Is that something maybe we could work out later, Judge, or, 'cause the finances in this case are very complex and involving many securities and many assets that had been collected that are in various stages of collection.**

Case 4:12-cr-20101-MAG-MJH ECF No. 66, PageID.630 Filed 04/30/26 Page 19 of 22
Case 4:12-cr-20101-MAG-MJH ECF No. 17, PageID.142 Filed 08/12/13 Page 28 of 33

28

from the Court.

The Court does need to protect the public from the crimes of this defendant, has to attempt to deter him from committing crimes in the future, deterring others who might imitate his conduct and vindicate the law which this defendant has so severely violated. The Court is convinced that a sentence at the top of the guidelines will be sufficient, but not greater than necessary to achieve all of those goals. Therefore pursuant to the Sentencing Reform Act of 1984, considering the sentencing guidelines which are advisory and not mandatory, taking into account all of the factors that are contained in Title 18 United States Code, Section 3553 (a), the Court imposes the following sentence on this defendant. It commits the defendant to the custody of the United States Bureau of Prisons for a term of 188 months.

It's further ordered that he pay restitution in the amount of 48,969,560 dollars less any recoveries. Restitution will be forwarded to Robert Gordon at Clark Hill as receiver and Mr. Gordon will disburse restitution to the victims as appropriate. Interest shall not accrue on this amount.

While in custody, defendant shall participate in the inmate financial responsibility program. The Court's aware of the requirements of the program and approves payment schedules of the program and orders defendant's compliance. The Court orders the defendant to pay the mandatory special assessment of

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2026, I served a copy of the foregoing *Motion for Relief from Void Judgment* by placing it in the United States mail, first-class postage prepaid, addressed to:

United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street
Detroit, MI 48226

Gregory N. McKnight
Defendant, Pro Se
405 Harshman St
Rawlins, Wyoming 82301

Gregory N. McKnight
**(please update in Court records)**
405 Harshman St.
Rawlins, WY 82301

4/25/2026

**Clerk of Court**
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

**Re: *United States v. McKnight*, Case No. 12-cr-20101 Submission of Motion for Relief from Void Judgment**

Dear Clerk of Court:

Enclosed please find my **Motion for Relief from Void Judgment**, along with a **Certificate of Service** reflecting service on the **United States Attorney's Office**.

Please file the enclosed motion in the above-captioned case. If the Court requires anything further, I respectfully request that the Clerk notify me at the address listed above.

Thank you for your assistance.

Respectfully,

**Gregory N. McKnight**
Defendant, Pro Se

PRESS FIRMLY TO SEAL

SUSTAINABLE FORESTRY INITIATIVE
Certified Sourcing
www.sfiprogram.org
SFI-00081

PAPER POUCH
how2recycle.info

PRESS FIRML

Retail

U.S. POSTAGE

RAWLINS, WY 82301
APR 25, 2026

48226

$11.95

RDC 03    0 Lb 11.90 Oz    S2324W500821-11

     

# UNITED STATES POSTAL SERVICE ®  |  PRIORITY MAIL®

- Expected delivery date specified for domestic use.

- Domestic shipments include $100 of insurance (restrictions apply).*

- USPS Tracking® service included for domestic and many international destinations.

- Limited international insurance.**

- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

FROM: Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

RECEIVED
APR 30 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

FILED
APR 30 2026
CLERK'S OFFICE
DETROIT

TO:
**Clerk of Court**
**United States District Court**
**Eastern District of Michigan**
**231 W. Lafayette Blvd.**
**Detroit, MI 48226**

## TRACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

EXPECTED DELIVERY DAY: 04/29/26
USPS TRACKING® #

9505 5106 0597 6115 6651 12

PAPER POUCH
recycle.info

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; November 2025. All rights reserved

SKNA