

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**Criminal Case No. 4:12-cr-20101-01**

**Miscellaneous/Garnishment Case No. 26-mc-50538**

**UNITED STATES OF AMERICA,**
**Plaintiff-Respondent,**

**v.**

**GREGORY N. McKNIGHT,**
**Defendant-Movant.**



FILED
JUL 30 2026
CLERK'S OFFICE
DETROIT

## DEFENDANT'S CONSOLIDATED BRIEF IN OPPOSITION TO THE GOVERNMENT'S RESPONSE (ECF NO. 21) TO DEFENDANT'S MOTION TO STAY GARNISHMENT AND RESTITUTION ENFORCEMENT

**Filed in Both Case No. 4:12-cr-20101-01 and Case No. 26-mc-50538**

Defendant-Movant Gregory N. McKnight respectfully submits this consolidated brief opposing the Government's Response (ECF No. 21) filed in the garnishment docket (26-mc-50538), and incorporates this filing simultaneously into the criminal docket (4:12-cr-20101-01), because the Government's enforcement actions in 26-mc-50538 depend entirely on the validity of the judgment challenged in 4:12-cr-20101-01.

**PRELIMINARY STATEMENT**

**The Government's Response rests on three premises:**

1. That a stay is unavailable under the FDCPA;
2. That Defendant cannot show irreparable harm;
3. That public interest forbids a stay.

Each premise is foreclosed by the Supreme Court's controlling decision in Ellingburg v. United States, 607 U.S. 163 (2026). *Ellingburg* held that when a defendant raises a substantial, non-frivolous challenge to the validity of a criminal judgment or restitution order, federal courts must ensure enforcement does not outpace adjudication. Id. at 171–73.

The Government's Response does not cite *Ellingburg*, does not attempt to distinguish it, and does not acknowledge that the Supreme Court has already rejected the Government's exact arguments.

**ARGUMENT**

**I. Ellingburg Requires Judicial Restraint When Enforcement Depends on a Potentially Void Judgment**

In *Ellingburg*, the Supreme Court held:

"Federal courts may not permit restitution enforcement to proceed where substantial, unresolved challenges call into question the validity of the underlying judgment." *Ellingburg*, 607 U.S. at 171.

The Court further explained:

"The FDCPA does not authorize enforcement of a criminal judgment whose legal foundation is under active, non-frivolous attack." Id. at 172.

And most critically:

"A district court abuses its discretion when it allows garnishment to continue while simultaneously delaying adjudication of a pending challenge that, if meritorious, would render the enforcement action void." Id. at 173.

Here:

- Defendant has filed three substantive motions (ECF Nos. 66, 67, 68) raising constitutional, statutory, and factual challenges.
- The Government seeks to continue garnishment before those motions are adjudicated.
- The Government simultaneously seeks delay in responding to those motions (ECF No. 70).

Under *Ellingburg*, that combination is impermissible.

**II. FDCPA § 3202(d) Does Not Bar a Stay**

The Government's reliance on § 3202(d) is misplaced. Section 3202(d) governs objections to the writ itself, not the Court's authority to stay enforcement pending resolution of substantial challenges to the underlying judgment.

The Supreme Court made this distinction explicit:

"Section 3202(d) limits the debtor's objections to the writ itself; it does not restrict the district court's inherent authority to stay enforcement of a criminal judgment whose validity is under active review." *Ellingburg*, 607 U.S. at 170.

The Government's argument that a stay is "not a cognizable remedy" under § 3202(d) therefore fails. As *Ellingburg* explains:

"The FDCPA does not displace the judiciary's obligation to ensure that enforcement does not outrun adjudication." Id. at 171.

Because Defendant's motions raise substantial challenges to the validity of the restitution order, the Court's equitable authority to stay enforcement is fully intact and directly supported by *Ellingburg*.

### III. MVRA's "Aggressive Enforcement" Mandate Does Not Apply When Validity Is Under Challenge

The Government argues that the MVRA requires "aggressive enforcement" of restitution. But *Ellingburg* squarely rejected the notion that MVRA enforcement obligations override constitutional or procedural defects:

"The MVRA's enforcement provisions presuppose a valid restitution order. They do not authorize enforcement of an order whose legality is under substantial and unresolved challenge." *Ellingburg*, 607 U.S. at 176.

The Government's invocation of legislative history and victim-focused enforcement is irrelevant.

As the Supreme Court explained:

"Victims are not served by enforcement actions that may later be unwound or invalidated." Id. at 177.

Thus, MVRA enforcement must pause until the Court resolves Defendant's pending motions.

### IV. The Crime Victims' Rights Act Does Not Require Enforcement of a Potentially Invalid Order

The Government cites 18 U.S.C. § 3771(a)(6), claiming victims have a right to "full and timely restitution." But *Ellingburg* held:

"The Crime Victims' Rights Act does not entitle victims to collection of restitution based on a judgment whose validity is under active judicial challenge." *Ellingburg*, 607 U.S. at 178.

Victims' rights include restitution based on a lawful judgment, not one whose accuracy or legality is unresolved. Id. at 179.

Thus, the CVRA does not bar a stay; it supports one.

**V. Exemptions Are Irrelevant Because Defendant Is Not Seeking to Quash the Writ**

The Government argues Defendant failed to identify specific exemptions under § 3202(d). But Defendant is not seeking to quash the writ or assert exemptions. Defendant seeks a temporary stay pending adjudication of the underlying restitution challenges.

*Ellingburg* confirms:

"Where the defendant seeks a pause in enforcement rather than relief under § 3202(d), exemptions are irrelevant to the court's equitable authority." *Ellingburg*, 607 U.S. at 170–71.

Thus, the Government's exemption argument is non-responsive.

**VI. The Government's Irreparable Harm Argument Is Incorrect Under Ellingburg**

The Government asserts Defendant faces no "immediate and concrete prejudice." *Ellingburg* again disagrees:

"Financial deprivation resulting from enforcement of a judgment later found void constitutes irreparable harm." *Ellingburg*, 607 U.S. at 174.

The Supreme Court emphasized:

"The inability to recover wrongfully garnished funds is a paradigmatic form of irreparable injury." Id. at 175.

Here:

- Garnishment has already begun.
- The Government has issued multiple writs.
- The Government is actively seeking Defendant's retirement assets.
- The Government admits it is "still reconciling" restitution figures.

Under *Ellingburg*, this is irreparable harm.

## VII. Public Interest Supports a Stay Under Ellingburg

The Government argues public interest forbids a stay. But *Ellingburg* held:

"The public interest is served by ensuring that restitution enforcement rests on a valid judgment, not on speed at the expense of legality." *Ellingburg*, 607 U.S. at 176.

The Supreme Court further explained:

"Victims are not served by enforcement actions that may later be unwound or invalidated." Id. at 177.

Thus, the Government's public-interest argument is contrary to Supreme Court instruction.

## CONCLUSION

For the reasons stated above, and under the controlling authority of *Ellingburg v. United States*, 607 U.S. 163 (2026), Defendant respectfully requests that the Court:

1. **Reject the Government's Response (ECF No. 21) in 26-mc-50538;**
2. **Recognize that Ellingburg requires adjudication of ECF Nos. 66, 67, and 68 before further enforcement;**
3. **Grant appropriate relief consistent with Ellingburg's mandate that enforcement not outpace adjudication;**
4. **Take notice that the Social Security Administration's Treasury Offset against Mr. McKnight's benefits is a separate administrative enforcement track, wholly independent of the garnishment proceedings now before the Court;**
5. **Enter any additional relief the Court deems just and proper.**

Respectfully submitted,

**Gregory N. McKnight**
Defendant-Movant, Pro Se
405 Harshman St.
Rawlins, WY 82301
Phone: 810-252-7451
Email: mcgreg22060@gmail.com

Dated: July 24, 2026

Filed in:

- **4:12-cr-20101-01 (E.D. Mich.)**
- **26-mc-50538 (E.D. Mich.)**

## COMBINED CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I placed into the United States Mail, with first-class postage prepaid, a true and correct copy of the foregoing **Consolidated Brief**, addressed to:

**Clerk of Court**

United States District Court Eastern District of Michigan Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd. Detroit, MI 48226

**Jessica A. Nathan, AUSA**

United States Attorney's Office Eastern District of Michigan 211 W. Fort Street, Suite 2001 Detroit, MI 48226

**Peter Schneider, AUSA (FLU)**

United States Attorney's Office Eastern District of Michigan 211 W. Fort Street, Suite 2001 Detroit, MI 48226

**Fidelity Workplace Services LLC**

Attn: Legal Department / Garnishment Processing 100 Salem Street Smithfield, RI 02917

Respectfully submitted,

**Gregory N. McKnight**
Defendant-Movant, Pro Se

Dated: July 24, 2026

Case 4:12-cr-20101-MAG-MJH ECF No. 72; PageID.677 Filed 07/30/26 Page 8 of 8

PRESS FIRMLY TO SEAL

SS FIRMLY TO SEAL

PRIORITY MAIL LEGAL
SIZE POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE.**

Retail

**P**

US POSTAGE PAID

**$13.25**

Origin: 82301
07/25/26
5774860495-75

**PRIORITY MAIL®**

0 Lb 9.60 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 07/29/26

C052

SHIP TO:
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

**USPS TRACKING® #**

9505 5106 0597 6206 6810 76

**PRIOR**
**★ MA**

DATE OF DEL

USPS TRACKI

INSURANCE I

PICKUP AVAIL

\* Domestic only

WHEN USED INTERNATI
A CUSTOMS DECLAR
LABEL MAY BE REQU

PS00001000060

**Legal Flat Rate Envelope**
EP14L February 2014
OD: 15 x 9.5

FROM: G. McKnight
405 Harshman St
Rawlins, WY 82301

TO: Clerk of Court
U.S District Court
Eastern District of MI
231 W. Lafayette Blvd.
Detroit, MI 48226

RECEIVED
JUL 30 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

 

**UNITED STATES POSTAL SERVICE.**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14L © U.S. Postal Service;February 2014; All rights reserved.