19

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FILED
OCT 23 2026
CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY N. McKNIGHT,

Defendant.

Criminal Case No.
4:12-cr-20101-MAG-MJH

Hon. Mark A. Goldsmith
United States District Judge

Magistrate Judge
Michael J. Hluchaniuk

---

**DEFENDANT'S NOTICE OF ERRATA AND PARTIAL WITHDRAWAL (ECF NOS. 66, 68, 72, 73) AND RESTATED MOTION FOR ALTERNATIVE RELIEF (RULE 36 CORRECTION OF JUDGMENT AND ACCOUNTING OF RECOVERIES)**

Defendant Gregory N. McKnight, pro se, submits (A) a Notice of Errata and Partial Withdrawal of quotations in ECF Nos. 66, 68, 72, and 73, and (B) a Restated Motion for Alternative and Independent Relief. Defendant preserves, without waiver, the position and request in ECF Nos. 66 and 68 that the judgment is void and should be vacated in its entirety. If the Court does not grant that primary relief, Part B alternatively and independently asks the Court to (1) correct the written Judgment (ECF No. 16) under Fed. R. Crim. P. 36 to conform to the oral sentence and (2) direct the Government to account for all recoveries credited against restitution.

## PART A: NOTICE OF ERRATA AND PARTIAL WITHDRAWAL

Defendant has checked his filings against the official text of *Ellingburg v. United States*, 607 U.S. 163 (2026), and the cited statutes and record. The quotations identified below do not appear in the cited sources. Defendant withdraws them, does not rely on them, and regrets the error. The withdrawal also applies to the copies of ECF Nos. 72 and 73 filed in No. 2:26-cv-13022 (formerly No. 4:26-mc-50538) as ECF Nos. 23 and 24.

### 1. ECF No. 72: quotations attributed to *Ellingburg*.

The opinion of the Court in *Ellingburg* runs from 607 U.S. 164 to 169, and Justice Thomas's concurrence runs from 169 to 186. None of the following appears in either. Each is withdrawn:

(a) PageID.671: "Federal courts may not permit restitution enforcement to proceed . . ." (cited as 607 U.S. at 171).

(b) PageID.671: "The FDCPA does not authorize enforcement of a criminal judgment . . ." (cited as 607 U.S. at 172).

(c) PageID.671: "A district court abuses its discretion when it allows garnishment to continue . . ." (cited as 607 U.S. at 173).

(d) PageID.671: "Section 3202(d) limits the debtor's objections to the writ itself . . ." (cited as 607 U.S. at 170).

(e) PageID.672: "The FDCPA does not displace the judiciary's obligation . . ." (cited as 607 U.S. at 171).

(f) PageID.672: "The MVRA's enforcement provisions presuppose a valid restitution order . . ." (cited as 607 U.S. at 176).

(g) PageID.672 and .674: "Victims are not served by enforcement actions . . ." (cited as 607 U.S. at 177).

(h) PageID.672: "The Crime Victims' Rights Act does not entitle victims to collection . . ." (cited as 607 U.S. at 178).

(i) PageID.673: "Where the defendant seeks a pause in enforcement . . ." (cited as 607 U.S. at 170-71).

(j) PageID.673: "Financial deprivation resulting from enforcement of a judgment . . ." (cited as 607 U.S. at 174).

(k) PageID.673: "The inability to recover wrongfully garnished funds . . ." (cited as 607 U.S. at 175).

(l) PageID.674: "The public interest is served by ensuring that restitution enforcement . . ." (cited as 607 U.S. at 176).

Defendant also withdraws the statements attributed to *Ellingburg* at PageID.670 ("Id. at 171-73") and PageID.672 ("Id. at 179"), and every statement in ECF No. 72 attributing to *Ellingburg* a holding about stays, the FDCPA, garnishment, the Crime Victims' Rights Act, irreparable harm, or the public interest. *Ellingburg* decides none of those questions.

**2. ECF No. 73 (a copy of No. 4:26-mc-50538, ECF No. 24).**

(a) At page 3 (PageID.680; misc. PageID.129), the quotation "Restitution imposed under the MVRA is criminal punishment, and the Government may not enforce criminal punishment without actual notice to the defendant" (cited as 607 U.S. at 170) and the three-point "summary" that follows it are withdrawn. Ellingburg does not address notice in enforcement proceedings.

(b) At page 1 (PageID.678; misc. PageID.127), the language quoted as 28 U.S.C. § 3202(d) (". . . shall determine the validity of the claim of exemption and the validity of the debt") and as § 3205(c)(5)-(6) (". . . shall determine the validity of the garnishment") does not appear in those statutes and is withdrawn. Section 3202(d) provides that the court "shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible," on issues the statute lists. Section 3205(c)(5) provides: "The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties."

**3. ECF No. 66.**

(a) The list of what "[t]he Supreme Court held" in *Ellingburg* (PageID.617, items 2-5: that courts must resolve disputes, make findings, rely on criminal evidence, and ensure adversarial testing, or act "without authority" and enter a void judgment), and the parallel statements at PageID.613 and .619, are withdrawn as descriptions of *Ellingburg*; the opinion does not say those things. Accurately stated, the Court held that "the MVRA makes abundantly clear that restitution is criminal punishment," which courts are required "to impose . . . as part of the sentence." 607 U.S. at 167 (quoting *Manrique v. United States*, 581

U.S. 116, 118 (2017)). It added that "[w]hen imposing restitution, a district court must follow the procedures applicable to other criminal penalties, including the Federal Rules of Criminal Procedure." *Id.* (citing 18 U.S.C. § 3664(c)). The Court also recognized that Congress "intended restitution under the MVRA to both punish and compensate." *Id.* at 168.

(b) Exhibit B (PageID.626) quotes the Court, at Sentencing Tr. Vol. 2, p. 28, lines 16-24, as saying: "Restitution is required under the statute and it will be set at 48,969,560 dollars less recoveries." That sentence is not at the cited page and lines. Page 28 (ECF No. 17, PageID.142; ECF No. 66, PageID.630) reads: "It's further ordered that he pay restitution in the amount of 48,969,560 dollars less any recoveries." The Statement of Facts (PageID.614) cites the same pronouncement as "Tr. at 12"; the correct citation is Tr. Vol. 2 at 28:16-17.

**4. ECF No. 68: wording correction.**

The quotation from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), at PageID.644 omits the words "for a crime." The passage reads: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

**5. Effect.**

Except as corrected above, Defendant stands on ECF Nos. 66 and 68, including his request that the judgment be declared void.

**PART B: RESTATED MOTION FOR ALTERNATIVE RELIEF**

Without waiving his position that the judgment is void, Defendant moves under Fed. R. Crim. P. 36 and the Plea Agreement for the relief stated in the Brief and states:

1. The Plea Agreement states "the full amount of restitution $48,969,560.00," allows the Court to accept the determination of receiver Robert Gordon in *SEC v. McKnight*, No. 08-11887 (E.D. Mich.), and provides that "the amount of restitution owed by defendant may change over time in that the receiver may, in the future, recover funds that could offset the amount of restitution owed by defendant. In such a case, a party may move this court to amend the order of restitution." (ECF No. 7, PageID.24-25.)

2. At sentencing on August 6, 2013, the Government stated: "At this point in time, I believe the proper restitution amount is $42,551,823.94." (Sentencing Tr. Vol. 2 at 5:1-2; ECF No. 66, PageID.629.)

3. The Court then pronounced: "It's further ordered that he pay restitution in the amount of 48,969,560 dollars less any recoveries. Restitution will be

forwarded to Robert Gordon at Clark Hill as receiver and Mr. Gordon will disburse restitution to the victims as appropriate. Interest shall not accrue on this amount." (Tr. Vol. 2 at 28:16-20; ECF No. 17, PageID.142; ECF No. 66, PageID.630.)

4. The written Judgment (ECF No. 16, filed August 7, 2013) lists restitution of $48,969,560.00 (PageID.114) but omits "less any recoveries." It also requires payment "in accordance with the Schedule of Payments sheet of this judgment" (PageID.112), but contains no such sheet. In 2016 this Court described its sentencing ruling as "modifying restitution to reflect an amount 'less any recoveries'" (ECF No. 44, PageID.480).

5. The Government has stated materially different restitution balances. Its July 29, 2026 garnishment application states that "$17,625,263.29 has been credited to the judgment debt, leaving a total balance due of $31,344,396.71" (No. 2:26-cv-13022, ECF No. 22, PageID.106). Six days earlier, however, the Government stated that Defendant's "outstanding restitution balance is $48,957,585.04" (*id.*, ECF No. 21, PageID.100), a figure that does not reflect the stated credit. The Government also acknowledged that it "is still in the process of reconciling the amounts collected by the Receiver with the United States' balance" (*id.*, PageID.97).

## CONCURRENCE STATEMENT (LR 7.1(a); LCrR 12.1(a))

On October 7, 2026, Defendant emailed Assistant United States Attorney Jessica A. Nathan, explained the nature and legal basis of this Motion, and requested concurrence by October 9, 2026. No response was received by the date of filing. Despite these reasonable and timely efforts, Defendant was unable to conduct a conference. See E.D. Mich. LR 7.1(a)(2)(B).

## BRIEF IN SUPPORT OF DEFENDANT'S RESTATED MOTION FOR ALTERNATIVE AND INDEPENDENT RELIEF

### STATEMENT OF ISSUES PRESENTED

1. Should the Court correct the written Judgment under Fed. R. Crim. P. 36 so that its restitution term conforms to the orally pronounced sentence of "48,969,560 dollars less any recoveries"?

   Defendant answers: Yes.

2. Should the Court, as the Plea Agreement permits, direct the Government to file an accounting of all recoveries credited against restitution, including the SEC receiver's distributions, and then amend the order of restitution to reflect the credited balance?

   Defendant answers: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Crim. P. 36

18 U.S.C. § 3664(c), (e), (j)(2)

*United States* v. *Penson*, 526 F.3d 331 (6th Cir. 2008)

*United States* v. *Robinson*, 368 F.3d 653 (6th Cir. 2004)

*Ellingburg* v. *United States*, 607 U.S. 163 (2026)

*Puckett* v. *United States*, 556 U.S. 129 (2009)

*Santobello* v. *New York*, 404 U.S. 257 (1971)

## ARGUMENT

### I. Rule 36 permits the Court to conform the written Judgment to the oral sentence.

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. In this Circuit, "[w]hen an oral sentence conflicts with the written sentence, the oral sentence controls." *United States v. Penson*, 526 F.3d 331, 334 (6th Cir. 2008) (quoting *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988)). A clerical error is one "of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citation and internal quotation marks omitted). Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations," *id.* (citation and internal quotation marks omitted), but *Robinson* distinguished a case

involving "a discrepancy between an oral sentence and the written order." *Id.* at 657 (discussing *United States v. Libby*, 1996 WL 117499, at *2 (6th Cir. Mar. 15, 1996)).

This is that case. The credit for recoveries was not an unexpressed intention; the Court stated it in open court (Tr. Vol. 2 at 28:16-17), and this Court later described its ruling the same way (ECF No. 44, PageID.480). The written Judgment repeats the dollar figure but drops the words that followed it. That is an omission in transcription, the kind of mechanical error Rule 36 reaches. Its reference to a "Schedule of Payments sheet" that does not exist (PageID.112) shows the same incomplete transcription.

Rule 36 applies to restitution as it does to any other part of the sentence. Restitution is imposed "as part of the sentence," and "[w]hen imposing restitution, a district court must follow the procedures applicable to other criminal penalties, including the Federal Rules of Criminal Procedure." *Ellingburg v. United States*, 607 U.S. 163, 167 (2026) (first quotation quoting *Manrique v. United States*, 581 U.S. 116, 118 (2017)). The correction prejudices no one; the Government's own writ already credits $17,625,263.29 (No. 2:26-cv-13022, ECF No. 22, PageID.106).

## II. The Plea Agreement authorizes a motion to amend restitution for receiver recoveries, and an accounting is the necessary first step.

"[P]lea bargains are essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137 (2009). When a plea rests on a prosecutor's promise or agreement that forms part of the inducement or consideration, "such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Here the parties agreed that receiver recoveries "could offset the amount of restitution owed by defendant" and that, in that event, "a party may move this court to amend the order of restitution" (ECF No. 7, PageID.24-25). Defendant invokes that express term now. Separately, Congress has directed that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in" any Federal civil proceeding. 18 U.S.C. § 3664(j)(2). To the extent the receiver's distributions in *SEC v. McKnight* constitute such recoveries, the statute provides an additional basis for the requested credit.

The Court confirmed these terms with Defendant when it accepted his plea. It explained that the agreement "provides that the Court will determine who the victims are and the individual amounts of restitution that are owed," and that "the amount of restitution owed by you may change over time," that "the receiver may in the future recover funds that could off-set the amount of

restitution owed by you and in that case the party in disagreement may move the Court to amend the order of restitution." (ECF No. 22, Plea Tr. 21:12-14, 21:24-22:4, PageID.175-176.) The Judgment, however, names a single payee, "Robert Gordon, Clark Hill," for the full $48,969,560.00 (ECF No. 16), and the record contains no determination of the victims or of the individual amounts owed. An accounting is therefore necessary not only to credit recoveries but to carry out the per-victim determination the agreement contemplated.

The restitution order cannot be amended accurately without first determining the credits. The figures presently in the record do not reconcile: $42,551,823.94 at sentencing; a $17,625,263.29 credit and a $31,344,396.71 balance in the Government's 2026 writ; and a $48,957,585.04 balance in its brief, which acknowledges that the Government is "still in the process of reconciling" the receiver's collections (Part B ¶¶ 2, 5). Because the Government and the receiver hold the relevant records, Defendant requests an itemized accounting before the Court determines any amended balance. Defendant does not ask the Court to fix a figure now; he asks the Court to require the information necessary to state the restitution balance net of recoveries, as the parties agreed.

The need for an accounting is heightened by the closing of the SEC receivership. In January 2023 the SEC and the Receiver jointly represented that

"[t]he Receiver has completed his collection activities" and that the Receiver would "file a final report and accounting." *SEC v. McKnight*, No. 08-11887, ECF No. 926 ¶¶ 1, 5, PageID.12551–52 (E.D. Mich. Jan. 6, 2023). The Receiver's Seventeenth and Final Report (ECF No. 965), approved when the case closed, reports aggregate distributions to claimholders ($17,613,188.33) and the ending cash balance, but contains no schedule of receipts and disbursements over the life of the receivership. The closing order then authorized the Receiver to destroy the records of the Receivership Defendants, including Defendant, "unless, within 30 days after service of written notice to the staff of the Securities and Exchange Commission ('SEC'), the Receiver is served with a written request by the SEC for possession of the records or a subpoena by a law enforcement agency for the records." *Id.*, ECF No. 971 ¶ 4, PageID.12968 (Dec. 19, 2023). The Receiver's own records were to be maintained "in accordance with their customary document retention/destruction policies," *id.* ¶ 3, and any later "collections, payments or recoveries" were to be remitted to the SEC, *id.* ¶ 5, PageID.12968–69. Either the Government requested or subpoenaed those records, or it allowed them to be destroyed. In either case, the information needed to determine the credits owed against restitution is, or was, within the Government's control, not Defendant's. The Court should therefore direct the Government, as part of its accounting, to

state whether the SEC or any law enforcement agency requested or subpoenaed the receivership records under ¶ 4 of ECF No. 971 and to identify any records that remain available. *See* 18 U.S.C. § 3664(e) (burden of demonstrating "such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires").

**III. The alternative relief is independent of 28 U.S.C. § 2255 and of the request to void the judgment.**

Rule 36 permits correction of the record "at any time," and the Plea Agreement provides a separate mechanism for seeking an amendment based on restitution recoveries. Neither request challenges the conviction. The Court therefore may adjudicate the Rule 36 and accounting requests independently of its disposition of ECF Nos. 66 and 68. Defendant does not consent to recharacterization of either request as a motion under 28 U.S.C. § 2255.

## CONCLUSION AND RELIEF REQUESTED

Defendant respectfully requests that the Court:

(1) Accept Part A of this filing and treat the quotations identified there as withdrawn;

(2) Under Fed. R. Crim. P. 36, enter an amended Judgment providing that restitution is "$48,969,560.00 less any recoveries," conforming the Judgment to the oral sentence;

(3) Direct the Government, within 30 days or such other time as the Court sets, to file and serve an itemized accounting of all amounts credited or creditable against restitution since August 6, 2013, by source and date (including receiver distributions in *SEC v. McKnight*, No. 08-11887, IFRP payments, Treasury offsets, and garnishment proceeds), reconciling the balances the Government has stated;

(4) Direct the Government to state whether the Securities and Exchange Commission or any law enforcement agency requested or subpoenaed the receivership records under ECF No. 971, ¶ 4, in *SEC v. McKnight*, No. 08-11887, and to identify any such records that remain available;

(5) After the accounting, amend the order of restitution to state the balance net of all recoveries, holding a hearing if the accounting is disputed;

(6) Grant the relief requested in ECF Nos. 66 and 68, as corrected by this filing; and

(7) Grant such other relief as the Court deems just.

Respectfully submitted,

Gregory N. McKnight
Defendant, Pro Se
405 Harshman St.
Rawlins, WY 82301
Phone: 810-252-7451
Email: mcgreg22060@gmail.com
Dated: October 13, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I served a copy of this Notice of Errata and Partial Withdrawal, Restated Motion, and Brief in Support on counsel for the United States by first-class United States Mail, postage prepaid, addressed as follows:

Jessica Nathan
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Gregory N. McKnight

Water and Tear Resistant

Gregory N. McKnight
405 Harshman St.
Rawlins, WY 82301

Retail

U.S. POSTAGE PAID
USPS Ground Advtg
RAWLINS, WY 82301
OCT 13, 2026

48226

$12.10

RDC 01 0 Lb 15.80 Oz S2322S502228-10

RECEIVED
OCT 23 2026
CLERK'S OFFICE
DETROIT

Clerk of Court
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

USPS TRACKING® #

9500 1106 0597 6286 6972 85